**UNITED STATES of America, Plaintiff – Appellee,**

v.

**Ratsmy POUNPANYA, aka Jay, Defendant—Appellant.**

**No. 03–10015.**

**D.C. No. CR–01–00314–SOM–09.**

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2004.*

Decided May 13, 2004.

Thomas C. Muehleck, Loretta A. Sheehan, AUSA, Office of the United States Attorney, Honolulu, HI, for Plaintiff–Appellee.

Glenn D. Choy, Honolulu, HI, for Defendant–Appellant.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Ratsmy Pounpanya appeals his conviction for possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1), contending that the district court denied him a fair trial by improperly commenting on a witness's testimony when it explained its ruling sustaining the government's objection to cross examination by defense counsel. We affirm.

 The district court correctly sustained the government's objection to Pounpanya's cross examination of DEA Agent Lawson, because Pounpanya's question to the agent did not accurately characterize the testimony of Hong Tran regarding the amounts of methamphetamine Tran had historically purchased for personal use. *See generally United States v. Hanna,* 293 F.3d 1080, 1085 (9th Cir.2002) (noting that evidentiary rulings will not be reversed absent abuse of discretion.) When defense counsel asked the court to provide the basis for its ruling, the court reasonably and accurately explained why defense counsel's question was improper. The comments by the court to defense counsel "were neither calculated to disparage [the defendant] in the eyes of the jury, nor likely to affect the outcome of the trial." *United States v. Eldred,* 588 F.2d 746, 749 (9th Cir.1978) (citation omitted); *accord United States v. Sanchez–Lopez,* 879 F.2d 541, 553 (9th Cir.1989).

A district court has discretion to comment on the evidence, so long as it makes clear that the jury must ultimately decide all questions of fact. *See United States v. Sager,* 227 F.3d 1138, 1145 (9th Cir.2000). Consistent with this rule, the district court instructed the jury that:

> During the course of a trial I occasionally make comments to the lawyers,

or ask questions of a witness, or admonish a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

SER 680–81. Given the strong presumption that the jury followed the court's instruction, *see Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987), Poupanya fails to demonstrate that the district court's comments, to which he did not object, constituted plain error. *See Sager* 227 F.3d at 1145 (where defendant fails to object to district court's alleged improper comment on the evidence, review is limited to the highly deferential standard of plain error).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.